71]                        *KILBORN *v.* COOKE & EDDEY.

Indemnity bond—constable—liability—judgment against officer before suit
against the security.

A bond of indemnity to one who has gone security for a constable covers the
liability of the constable for a default to the obligee of the indemnity bond.
Such bond of indemnity is two-fold. 1. To save the obligee harmless from all
liability arising from the constable's neglect. 2. To protect him against
liability to others.
A judgment against the constable, liquidating the amount of the constable's
liability, is not necessary to a recovery on the indemnity bond.

COVENANT. The declaration is upon a bond of indemnity given
to the plaintiff, to indemnify him against loss upon a bond given
by him as the security of Cooke as a constable. The condition an-
nexed to the bond is, that it shall become void if Cooke faithfully
discharge the duties of his office, and faithfully pass over all moneys
collected by him in virtue of his office. Breach, that several execu-
tions came into the hands of Cooke, as constable, in favor of Kilborn,
the plaintiff, which he neglected to return, or to pay over the money
to the plaintiff. There is an averment that a suit has been com-
menced against the constable for the neglect, and a recovery of judg-
ment had for $64.26, on which an execution has issued and been re-
turned nulla bona. To this the defendant demurs generally, which
is joined.

*Boalt*, for the demurrant, made the following points:

1. That the bond is void, not being authorized or recognized by
law.

2. That the recital in the bond does not show whether Cooke was
elected constable, or appointed by the trustees.

3. It does not appear that the bond was given while Cooke re-
mained in office as constable, because *immediately after*, when it is
averred the bond was given, is uncertain, and may mean two years
or more.

4. That is does not appear that the judgment against Cooke was
for money collected by him as constable, or for any liability as
such.

5. That the judgments in favor of the plaintiff are not wholly
within the indemnity.

6. That the declaration, if one at all, is a very bad one, and all
uncertain.

*F. D. Parish*, contra.

BY THE COURT. The real question in this case is this, does
the bond cover the liability of the defendant, Cooke, for his neglect
as constable, on the executions in favor of the plaintiff? We think
the condition of the bond two-fold.

1st. To save Kilborn harmless for all the liabilities growing out *of his having gone security for the constable. 2d. To in- [**72** demnify him against liability to others. If it were not so, the bond would not operate as a complete indemnity ; and if Kilborn had business for a constable, he would be without the security which the law contemplates for all. Ought this to result from his having gone security in the constable's bond ? We think not ; and this is embraced in the first clause of the condition of the indemnity bond, faithfully to discharge the duties of the office of constable. By his neglect of these duties, the plaintiff has been subjected to direct loss. This supersedes the necessity which would exist in an ordinary case of indemnity bonds, of establishing the liability by some judicial proceedings in favor of the party injured. The defendants are placed in this declaration within the letter of their bond. We can see nothing unlawful in so placing them. They show no merits calling for any nice construction to exonerate them. On the contrary, the equity which appears in the case is all on the other side.

The demurrer is overruled.